1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   MIRANDA KANE (CABN 150630)
3  Chief, Criminal Division

4  DAMALI A. TAYLOR (CABN 262489)
   Assistant United States Attorney
5

6  450 Golden Gate Ave., Box 36055
   San Francisco, California 94102
7  Telephone: (415) 436-6401
   Fax: (415) 436-7234
8  E-Mail: damali.taylor@usdoj.gov

9  Attorneys for Plaintiff

10                UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13 UNITED STATES OF AMERICA,          )   No. CR-11-0903 WHA
                                      )
14         Plaintiff,                 )
                                      )
15      v.                            )   STIPULATION AND [PROPOSED]
                                      )   PROTECTIVE ORDER REGARDING
16 MIGUEL GUTIERREZ and               )   PRODUCTION OF CONFIDENTIAL
   JOSE JIMENEZ,                      )   DISCOVERY
17                                    )
           Defendant.                 )
18 _____  )
                                      )
19                                    )
                                      )
20

21      Plaintiff, by and through its attorney of record, and the defendant, by and through his

22 attorney of record, hereby stipulate and ask the Court to find as follows:

23      1.    A federal grand jury has returned an indictment charging the defendant with

24 Conspiracy to Distribute Methamphetamine and to Possess Methamphetamine with Intent to

25 Distribute, in violation of 21 U.S.C. § 846; Possession of Methamphetamine with Intent to

26 Distribute, in violation of 21 U.S.C. § 841(a)(1); Conspiracy to Distribute Heroin and to Possess

27 Heroin with Intent to Distribute, in violation of 21 U.S.C. § 846; and Possession of Heroin with

28

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER REGARDING
CONFIDENTIAL DISCOVERY

Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1).

2. The government believes that the proposed protective order is necessary to preclude some discovery materials, which may contain the identities of potential witnesses and/or cooperating witnesses or information from which those identities may be discovered, from being disseminated among members of the public and to the defendant. Specifically, the government believes that the proposed protective order will greatly reduce the possibility that individuals will misuse discovery materials to identify, intimidate, and/or harm witnesses and/or defendants.

3. Defendant and his defense counsel deny that any person would be endangered by the defendant's possession of any discovery material in this matter. The parties agree that no inference should be drawn about the defendant's dangerousness because of his agreement to enter into this stipulation and be subject to the protective order.

4. The parties agree that the following conditions, if ordered by the Court, should serve the government's interest in protecting witnesses, defendants, and other members of the community and reduce the risk of retribution against cooperating witnesses by precluding the circulation of these documents and digital media (e.g., CD-ROMs, DVDs, and digital photographs) throughout the prison system and the community, while permitting the defense to obtain discovery required by Federal Rule of Criminal Procedure 16 and the United States Constitution. Accordingly, the parties jointly request that the Court order as follows:

a. For purposes of this Order, the term "defense team" refers to: (1) the counsel of record for the defendant; (2) defense investigators assisting the defense team with this case; (3) employees of the defense team's law office; and (4) any expert witnesses who may be retained or appointed by the defense team. For purposes of this Order, a term "defense team" does not include the defendant.

b. The government is authorized to provide the defense team with discovery required by F.R.Cr.P. 16 and may, in its discretion, designate any discovery produced as "Confidential Discovery" to be governed by the terms of this protective order. The government may designate discovery as confidential by marking such discovery as "CONFIDENTIAL" and

shall produce such discovery on a document, CD, or DVD marked "WARNING: CONTENTS SUBJECT TO PROTECTIVE ORDER.  UNAUTHORIZED COPYING OR VIEWING IS SUBJECT TO PUNISHMENT AS CONTEMPT OF COURT."

    c.  The defense team shall not permit anyone, <u>including the defendant</u>, to have possession of Confidential Discovery pursuant to this Order other than the defense team.

    d.  The defense team shall not divulge the contents of any Confidential Discovery provided pursuant to this Order to anyone other than the defendant.  A defense team member may show Confidential Discovery to the defendant only in the physical presence of a defense team member, and may not permit the defendant to have physical possession of the Confidential Discovery.

    e.  The defense team shall not permit Confidential Discovery provided pursuant to this Order to be outside of the defense team's offices, homes, vehicles, or personal control.  The defense team may take Confidential Discovery into a custodial facility to show it to the defendant, but, as explained above, the defense team must maintain physical possession of the Confidential Discovery and may not allow the defendant to have physical possession of the Confidential Discovery.

    f.  In the event that one of the parties files a pleading that references or contains Confidential Discovery or information therefrom, that filing must be made under seal.

    g.  The defense team shall return all Confidential Discovery provided pursuant to this Order to the government fourteen calendar days after any one of the following events, whichever occurs latest in time: dismissal of all charges against the defendant; the defendant's acquittal by court or jury; the conclusion of any direct appeal; the expiration of the time period for filing a motion pursuant to 28 U.S.C. § 2255; or the district court's ruling on any motion filed pursuant to 28 U.S.C. § 2255.  In the event that the defense team has made notes or marks on the Confidential Discovery constituting work product the defense team shall return the materials to the government in a sealed container labeled "WORK PRODUCT-DESTROY."

///

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER REGARDING
CONFIDENTIAL DISCOVERY     3

h. After return of the materials, the government may destroy the Confidential Discovery.

IT IS SO STIPULATED.

DATED: December 28, 2011                           Respectfully submitted,

MELINDA HAAG
United States Attorney

_____/s/_____
DAMALI A. TAYLOR
Assistant United States Attorney

DATED: December 28, 2011                           _____/s/_____
ELIZABETH FALK
Counsel For Defendant Miguel Gutierrez

# [PROPOSED] ORDER

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED: The government is hereby authorized, pursuant to Federal Rule of Criminal Procedure 16, to disclose discovery to the defense team and may designate discovery to be governed by this protective order as Confidential Discovery. The parties are hereby ordered to comply with the conditions set forth in paragraphs 4(a)-(h) of this stipulation and order pursuant to Federal Rule of Criminal Procedure 16(d)(1).

DATED: December 29, 2011                           _/s/ Elizabeth D. Laporte_
HON. ELIZABETH D. LAPORTE
UNITED STATES MAGISTRATE JUDGE