IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIGUEL GUTIERREZ,<br><br>Defendant. | No. CR 11-0903 WHA<br><br>**ORDER DENYING MOTION TO DISMISS INDICTMENT AND RESPONDING TO INQUIRY RE PROPOSITION 47** |

## INTRODUCTION

Defendant, a federal prisoner currently incarcerated in Giles W. Dalby Correctional Institution in Post, Texas, has filed (1) a pro se motion "under Apprendi's law" to dismiss the indictment against him and (2) a letter asking if he is eligible for a sentence reduction under California's Proposition 47. For the reasons discussed below, defendant's motion is **DENIED**. This order also concludes that defendant is not eligible for a sentence reduction under Proposition 47.

## STATEMENT

On February 28, 2012, defendant Miguel Gutierrez pled guilty to: (1) conspiracy to distribute methamphetamine; (2) possession of methamphetamine with intent to distribute; (3) conspiracy to distribute heroin; and (4) possession of heroin with intent to distribute. In the plea agreement, he waived the following: "I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or motion under 18 U.S.C. § 3582, at any time in the future after I am sentenced, except that I

reserve my right to claim that my counsel was ineffective in connection with the negotiation of this Agreement or the entry of my guilty plea" (Exh. 2, PP 5). On May 15, 2012, the Court sentenced Gutierrez to 144 months (Dkt. No. 41). Gutierrez did not appeal.

On May 18, 2015, Gutierrez moved for a reduction to his sentence under 18 U.S.C. Section 3582(c)(2) and Amendment 782 of the Guidelines (Dkt. No. 68). The parties stipulated to a sentence reduction from 144 months to 135 months.

On August 28, 2015, Gutierrez sought to dismiss the indictment against him, contending that the indictment failed to give adequate notice as to the type and amount of drugs charged (Dkt. No. 79). On September 8, 2015, an order asked the government to respond to the motion. On April 28, 2016, Gutierrez filed a letter asking if he is "eligible for the #47 reduction of the new law that is to come into effect this upcoming May 18, 2016" (Dkt. No. 81). On May 5, 2016, and again on Jun 6, 2016, the Court asked probation and the government to respond to Gutierrez's 2016 letter. On June 8, 2016, the government responded to the motion and letter, arguing that Gutierrez's motion to dismiss the indictment should be denied and that he is not eligible for a further reduction in his federal sentence under California's Proposition 47. On June 13, 2016, probation filed a response to the 2016 letter concluding that Gutierrez is not eligible for a reduction to his federal sentence under Proposition 47 (Dkt. No. 81).

**ANALYSIS**

**1.   MOTION TO DISMISS THE INDICTMENT.**

Gutierrez seeks dismissal of the indictment against him "under Apprendi's law," contending that the indictment failed to give adequate notice as to the type and amount of drugs charged. The indictment, however, specified the type and amount of drugs charged: for Count 1, the indictment specified 50 grams or more of methamphetamine; for Count 2, the indictment specified 50 grams or more of methamphetamine; for Count 3, the indictment specified 100 grams or more of heroin; and for Count 4, the indictment specified 100 grams of heroin (Dkt. No. 1). As such, this order **DENIES** Gutierrez's motion to dismiss the indictment.

The government urges the Court to treat defendant's motion to dismiss as a Section 2255 motion. This order need not do so but notes that Gutierrez expressly waived his right to bring a Section 2255 collateral attack on his conviction and sentence (Exh. 2, ¶ 5).

**2.      SENTENCE REDUCTION UNDER PROPOSITION 47.**

Gutierrez also asks whether he is "eligible for the #47 reduction of the new law that is to come into effect this upcoming May 18, 2016" (Dkt. No. 81). This order assumes that Gutierrez is asking for a reduction of his conviction under Proposition 47, the 2014 ballot initiative that allowed California courts to reclassify certain felony convictions as misdemeanor convictions. This order concludes that Gutierrez is not entitled to relief under Proposition 47. *First*, Gutierrez provides no evidence that he has successfully applied to a California court to reduce his prior felonies to misdemeanors. *Second*, even if he had, our court of appeals has concluded that the state reduction of a sentence under Proposition 47 "does not undermine a prior conviction's felony-status for purposes of § 841." *United States v. Diaz*, 821 F.3d 1051, 1058 (9th Cir. 2016).

## CONCLUSION

For the reasons discussed herein, all relief is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 1, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3